Case 1:07-mc-00764-UA   Document 1-1   Filed 09/10/07   Page 1 of 8

1

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| The Western | DISTRICT OF | Texas - Austin Division |
|---|---|---|

| Digital Millenium Copvright Act, sect. 512(h) | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| subpoena to Online Service Provider | Case Number:[1] |

TO: Giganews, Inc.
c/o Ronald Barron Yokubaitis, Chariman
1044 Liberty Park Drive
Austin, Texas 78746

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents sufficient to allow Take Two Interactive to determine who posted unauthorized copies of "Manhunt II" on your website (See Attachment A).

| PLACE | DATE AND TIME |
|---|---|
| Fish & Richardson, PC, 111 Congress Avenue, Suite 810, Austin, TX 78701<br>512.472.5070 | 9/18/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
U.S. District Clerk, 200 West 8th St., Room 130, Austin, Texas 78701

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance,
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# Attachment A

**Patrick Richter**

| | |
|---|---|
| **From:** | Gena Feist (T2 NY) [Gena.Feist@take2games.com] |
| **Sent:** | Monday, September 10, 2007 1:10 PM |
| **To:** | dmca@giganews.com |
| **Subject:** | FW: copyright violation |
| **Sensitivity:** | Confidential |
| **Attachments:** | copyright violation |



copyright violation

```
           Gignews.com, Inc.
c/o Mr. Ronald Barron Yokubaitis [via email:dmca@giganews.com]
1044 Liberty Park Drive
Austin, Texas 78746
```

NOTICE OF COPYRIGHT INFRINGEMENT

To Whom it May Concern:

The following is intended to notify Giganews.com, Inc. ("Giganews") of a copyright infringement pursuant to the Digital Millennium Copyright Act of 1998 [17 U.S.C. § 512(c)(3)(A)] (the "Act"). This follows Take-Two Interactive Software, Inc.'s ("Take-Two") prior notification of September 7, 2007, and is being re-issued solely for purposes of obtaining a subpoena pursuant to Section 512(h) of the Act.

I am the Vice President and Associate General Counsel of Take-Two, a publisher, developer and distributor of interactive entertainment software, hardware and accessories. As Vice President and Associate General Counsel, I am authorized to act on behalf of Take-Two, the owner of exclusive rights that are being infringed.

As explained in our prior notice, I write concerning the posting on your site of unauthorized copies of "Manhunt II," an unreleased video game created and solely owned by Take-Two. The availability of unauthorized, pirated copies of Manhunt II on Giganews.com would be unacceptable under any circumstances, but is particularly egregious here because Manhunt II is not scheduled for release until October 31, 2007.

Unauthorized copies of "Manhunt II" are available and appearing in several locations on Giganews.com, including all of the messages in the attached file with full information. Although Take-Two will continue to review Giganews.com for infringing copies of Manhunt II, we intend this notice to cover all infringing copies of Manhunt II, whether in the messages listed attached or at any other location on Giganews.com, and regardless of when the unauthorized copies of the videogame are posted.

I am acting on a good faith belief that the use of the material at issue in the manner complained of is not authorized by the copyright owners, their agents or the law. I declare under penalty of perjury that the foregoing is true and correct.

```
Gena A. Feist
Vice President & Associate General Counsel Take Two Interactive
622 Broadway
New York, NY 10012
Ph: 646-536-2999
Fax: 646-941-3566
Email: Gena.Feist@Take2Games.com
```

1

**Patrick Richter**

**From:** Gena Feist (T2 NY) [Gena.Feist@take2games.com]
**Sent:** Friday, September 07, 2007 5:33 PM
**To:** abuse@giganews.com; dmca@giganews.com; abuse@giganews.com
**Subject:** copyright violation

**Sensitivity:** Confidential

**Attachments:** jxp.zip



jxp.zip (463 KB)

      I write on behalf of Take-Two Interactive Software, Inc. ("Take-Two") to request, pursuant to 17 U.S.C. § 512(c)(3), that Giganews, Inc. ("Giganews") immediately cease and desist from displaying, hosting or otherwise providing unauthorized copies of "Manhunt II," an unreleased video game created and solely owned by Take-Two.

Manhunt II is the eagerly awaited sequel to Take-Two's popular Manhunt video game, which was released in 2003. The availability of unauthorized, pirated copies of Manhunt II on Giganews.com would be unacceptable under any circumstances, but is particularly egregious here because Manhunt II is not scheduled for release until October 31, 2007.

Despite the precautions taken by Take-Two, unauthorized copies are available and appearing in several locations on Giganews.com, including all of the messages in the attached file with full information (an additional copy of this message will be sent with a txt file in case the zip file is filtered).

Although Take-Two will continue to review Giganews.com for infringing copies of Manhunt II, we intend this notice to cover all infringing copies of Manhunt II, whether in the messages listed attached or at any other location on Giganews.com, and regardless of when the unauthorized copies of the videogame are posted.

Pursuant to 17 U.S.C.§512(c)(1)(A)(iii), this request requires Giganews to act "expeditiously to remove, or disable" access to the copyrighted works identified in this notice as they appear on Giganews.com. Given the information set forth above, it is particularly important that Giganews act quickly to prevent further infringement of the intellectual property, which is the subject hereof.

I am acting on a good faith belief that the use of the material at issue in the manner complained of is not authorized by the copyright owners, their agents or the law. To the best of my knowledge, the information contained in this notification is true and accurate. I am authorized to act on behalf of Take-Two, the owner of exclusive rights that are being infringed by the above acts.

I understand it is Giganews' policy not to release a customer's personal information or usage information to investigators, attorneys, or agencies unless directed to do so by a court of competent jurisdiction in the matter. We will take steps next week to obtain a court order if Giganews so insists.

Take-Two hereby requests that Giganews take all necessary measures to preserve all documents and information, including, without limitation, electronic information such as metadata, header information and/or IP addresses, relating to the posting and distribution of copies of Manhunt II on and through Giganews.com, including, but not limited to, the personal and usage information of customers who have posted and/or downloaded copies of Manhunt II.

Sincerely,

Gena

1

Gena A. Feist
Vice President & Associate General Counsel Take Two Interactive
622 Broadway
New York, NY 10012
Ph: 646-536-2999
Fax: 646-941-3566
Email: Gena.Feist@Take2Games.com <mailto:Gena.Feist@Take2Games.com>



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**DIGITAL MILLENNIUM COPYRIGHT ACT, SECTION 512(h) SUBPOENA TO ONLINE SERVICE PROVIDER**

Case No.

### DECLARATION OF GENA A. FEIST IN SUPPORT OF TAKE-TWO INTERACTIVE SOFTWARE, INC.'S SUBPOENA

I, Gena A. Feist, declare as follows:

1. I am an attorney duly licensed to practice law in New York, and am Vice President and Associate General Counsel for Take-Two Interactive Software, Inc. ("Take-Two"). This declaration is made in support of Take-Two's request for issuance of a 17 U.S.C. section 512(h) subpoena from the United District Court, Western District of Texas.

2. Recently, unauthorized copies of an unrated version of "Manhunt II," an unreleased video game created and solely owned by Take-Two were posted on the Internet via a Gignews newsnet server on http://www.giganews.com. The availability of unauthorized, pirated copies of Manhunt II on Giganews.com would be unacceptable under any circumstances, but is particularly egregious here because Manhunt II is not scheduled for release until October 31, 2007.

3. The subpoena Take-Two seeks will be used only to obtain the identity of the alleged infringer, and the information will be used only for the purposes of protecting Take-Two's copyright.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct. Executed on this _10_ day of September, 2007, at New York, New York.

_____
Gena A. Feist